# The Citizens' Trust & Surety Company *v.* William Goodchild, Appellant.

*Principal and surety—Judgment—Opening judgment—Laches.*

Where a judgment was entered against a surety in 1893, and in 1898, on a scire facias to revive, he filed an affidavit of defense which was adjudged insufficient, and in 1899 he took a rule to open the judgment, alleging the same matters which he had set up in his affidavit of defense, and it appears that he had knowledge of such matters in 1894, but took no steps to open the judgment, and his conduct was otherwise inconsistent with the defense which he alleges, the court commits no error in refusing to open the judgment.

Argued Jan. 23, 1900.  Appeal, No. 271, Jan. T., 1899, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1893, No. 806, discharging rule to open judgment.  Before McCOLLUM, MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Rule to open judgment.

From the record it appeared that on May 18, 1893, William Goodchild executed a bond and warrant of attorney to the Citizens' Trust & Surety Company, conditioned that he indemnify it from all losses by reason of P. P. Elkinton's failure to comply with the terms of an agreement between him and the German-American Title & Trust Company for the erection of a large number of houses.  Upon Elkinton's failure to comply with his agreement the German-American Title & Trust Company brought suit against the Citizens' Trust & Surety Company, which had agreed to indemnify the German-American Title & Trust Company.  Goodchild employed counsel and defended this suit, but without success.  The Citizens' Trust & Surety Company entered judgment against Goodchild on

May 20, 1893. On March 4, 1898, it issued a scire facias to revive, to which Goodchild filed an affidavit of defense, averring that the contract between Elkinton and the German-American Company had been altered, and that the Citizens' Trust & Surety Company had guaranteed the substituted contract without Goodchild's knowledge or consent. On April 12, 1899, Goodchild took a rule to open the judgment, alleging the same defense as that which he had set up in his affidavit of defense. The evidence tended to show that Goodchild had knowledge, in the fall of 1894, of the matters which he alleged in defense.

The court discharged the rule to open the judgment.

*Error assigned* was the order of the court.

*E. O. Michener*, for appellant.

*John G. Johnson*, with him *David J. Myers*, for appellee.

Per Curiam, February 26, 1900:

We are not convinced that the court below erred in refusing to open the judgment. A year or more previous to the application to open it a sci. fa. was issued thereon to revive and continue the lien, which proceeding was met by the defendant with an affidavit of defense embracing substantially the same grounds of attack upon the judgment as were specified in the application. The affidavit was adjudged insufficient, and after that the defendant made no effort to set aside or open the judgment until April, 1899, and the effort then made was unavailing and justly so. The testimony of the defendant included a denial on his part of any knowledge of the agreement of January 17, 1893, when he signed the bond, and contained a statement that he first learned of it early in October of that year. In another part of his testimony he said that he did not know the facts until the fall of 1894, and later on he admitted that, in the affidavit of defense he filed to the suit of the German-American Title & Trust Company against the Citizens' Trust & Surety Company, he did not allude to it. Assuming that he first learned of the agreement of January 17, 1893, on the 2d of October of that year, he made no application to open the judgment until April,

1899, and in the mean time he employed counsel to defend a suit in which, according to his own claim, he had no interest whatever. His conduct during that period was so inconsistent with the defense he attempted to set up in April, 1899, that it was in itself sufficient to defeat his claim. This conduct, together with the testimony in the case, fully justified the refusal of the court below to open the judgment.

Judgment affirmed.